UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

Case No.

ERIC WATKINS
            Plaintiff

V

DEPUTY ALAIN DUBREUIL,
WARREN JEVAE WRIGHT,
WALMART STORES, INC.
MICHAEL J. SATZ, TAYLOR MCGRATH,
BSO, Sheriff Scott ISREAL, SHERIFF
GREGORY TONY et. al.
            Defendants

FILED BY _____ D.C.

SEP 11 2019

ANGELA E. NOBLE
CLERK U.S. DIST. CT.
S. D. OF FLA. - FT. LAUD.

Jurisdiction

① Plaintiff, Eric Watkins, is a resident of Florida whose mailing address is 7990 Hampton Blvd, Apt 110, North Lauderdale, Florida 33068

② Defendant Algin Dubreuil is a Florida resident who is employed at the Broward sheriff's office as a deputy police officer. At the time of the alleged claim the defendant acted within his individual capacity while on duty as a deputy. Thus Plaintiff is suing him in his individual capacity.

③ Defendant Warren Jevae Wright is a Florida resident

1 OF 23 pp

Who is employed at Walmart stores Inc. at 3001 N. Sr.
7, Lauderdale Lakes Fl 33313. At the time of the
alleged claim the defendant acted in his official and
individual capacity while on duty as Walmart manager.
Thus Plaintiff is suing him in his individual and
official capacity.

(4)  Defendant Walmart stores Inc. is a resident of
Florida and is a business or person doing business
in Florida. At the time of the allege claim the de-
fendant, acted in their official and individual
capacities. Hence I am suing the defendant in
their individual and official capacities.

(5)  Defendant Michael J. Satz and Taylor McG-
rath are residents of Florida and are employed as
Florida State attorney and assistant state attorney
for Broward County. At the time of the allege
Claim the defendants acted in their individual
Capacities. Hence I am suing them in their in-
dividual capacity.

(6) Defendants Broward Sheriff Office, Sheriff Scott
Isreal, Sheriff Gregory Tony, and Broward County
main Jail or Jails are residents of Florida.
At the time of the alleged complaint they all
acted in their individual and official capacities
Hence I am suing these defendants, supra, in their
individual official capacities.

2 of 23 pp

## Jurisdiction

(7) Jurisdiction is invoked pursuant to 42 U.S.C;
1983 and 28 U.S.C § 1331!

## Nature of the case

(8) On September 21, 2015 the defendants will-
fully and intensional with malicious intent to do
harm and to create hardships for Plaintiff did
Caused and did falsely arrest Plaintiff for
trespass after warning and disorderly conduct
and then wrongfully imprisoned me and Malicious-
sly prosecuted me all in violation of the First
Amendment.

## Cause of action

(9) I allege that my claims arose under the follow-
ing Constitutional provisions of laws of the United
States and that the following facts forms the
basis of my allegations.

## Counts one

(10) On September 21, 2015 Defendant Alain Dubrey-
il did willfully, knowingly, intentional and with
Malicious intent to Cause me, Plaintiff, mental
distress, hardships and harm violate Plaintiff's
Fourth Amendment right to be free from se-
arch, seizure, restraint and false arrest when

3 OF 23PP

he Falsely arrested me for trespass after warning.
F.S. § 810.08-1, and disorderly conduct, F.S. 877.03,
without probable cause or arguable probable cause.

## Counts two

(B) It is Plaintiff's complaint that on September 21,
2015 Defendant Alain Dubreuil did willfully, in-
tensionally and with malicious intent did violate
my Fourth Amendment right not to be maliciously
prosecuted when he initiated a Malicious Prose-
cution against me by falsifying probable cause,
that is, falsely claiming that he witnessed Plaintiff
trespass after warning and committing disorderly con-
duct — to Justifying arresting Plaintiff when the
defendant did not witness Plaintiff trespass, after
warning or committing disorderly conduct.

## Counts three

(C) On September 21, 2015 Walmart Manager Def-
endant Warren J. Wright did willfully, intentionally
and with malicious intent to cause me harm, hard
ships and mental distress did instigate defendant
Deputy Alain Dubreuil to falsely arrest and imprison
me, Eric Watkins, when he knowingly and intention-
ally provided false information to Deputy Dubreuil
claiming that I had been previously trespassed from
that Walmart store and was back in the store
in violation of the previous trespass warning. Wright
also demanded that I be arrested.

4 of 23 PP

## Counts Four

(D) It is Plaintiff's complaint that Defendant Walmart Stores, inc. is liable for Deputy Dubreuil's False arrest and imprisonment of me and Wright's instigation of that arrest and imprisonment, supra, under the theory of vicarious liability because Walmart, as the employer, Authorized Warren Wright, as a manager of the Walmart to carry out acts related to the security, and orderly operations of Walmart on Walmart's behalf and because Wright's actions was within the scope of his employment at Walmart as its Assistant manager. Hence Walmart is also liable for the violations of Plaintiff's constitutional rights.

## Count Five

(E) It is Plaintiff's complaint that on 9/21/15 and 9/30/15 and up till January 26, 2016, defendants State attorney Michael J. Satz and Assistant State Attorney Taylor Mcgrath did willfully intentionally and with malicious intent did violate my Fourth Amendment right to be free from restraint and imprisonment when they both engaged in Malicious prosecution and Wrongful imprisonment against me by filing and continuing the prosecution of the disorderly conduct — FS. 877.03 — inspite of their knowledge that no arguable nor probable Cause existed to arrest or prosecute Plaintiff on the charge of disorderly conduct. That they waited until after plaintiff had spent the time,

, 60 days, on the charge before dismissing it or not prosecuting it against Plaintiff.

## Counts six

(F)   It is Plaintiff's complaint that the Defendants BSO, Michael J. Satz, former Sheriff Scott Isreal Broward County main Jail and Sheriff Gregory Tony all are liable for the Broward county Jail's false and or wrongfull imprisonment of Plaintiff beyond the hundred and twenty days he could legally be imprisoned for the charges of trespass after Warning and disorderly conduct. They imprisoned Plaintiff for Eighth days after the 120 day expired. This violated Plaintiff's fourth Amendment Right not to be falsely or Wrongly imprisoned.

6 of 23 pp

<u>Supporting Facts for Counts one-Four</u>

① On september 21, 2015 I went to the Walmart store on Oakland park Blvd and state Road seven at approximately 8:30am. Prior to sept. 21, 2015 it had been my routine to patron the Walmart store to shop once ever two weeks. For the last Five years.

② While shopping I was singing Boom bye bye an antigay song by Reggea super star Buju Banton.

③ After picking up the Four items that I was Shopping for I went to the Cashiers lines There was more than a couple of other Customers in line.

④ After the Cashier finished ringing up the patrons infront of me I was next. She also wrong my stuff up. During the whole time in the line and while the cashier was ringing up my stuff I was singing the song boom bye bye.

⑤ No Customers had a problem with my singing nor the lyrics of the song. No customers complained to anyone, each other, the cashier nor the Walmart manager about my singing. and the Walmart Manager did not have any problems with me or my singing.

⑥ After the Cashier finished ringing up my stuff and after I paid her I began to leave Walmart but forgot that I needed a bag of Ice so I immediately went to the Ice machine got a

7 of 23 pp

Bag of Ice and attempted to go back to the cash register but alot of people was already in the line. The cashier attempted to allow me to go infront of everyone so she could ring me up but I told her I'll wait till she finished ringing up the other Customers and I went to the back of the line.

(2) While in the line I continued to sing boom bye bye. Then another Cashier opened up and about Five people that was in the line I was in went to her cash register. I also went to her cash register line. I was the sixth person in her line and the last person.

(3) The cashier was having trouble ringing up a Customer at the front of the line. She told the customer that her machine had a problem and that she's going to get some help.

(4) The cashier went for the manager Warren Wright. Wright arrived worked on the cash register fixed it and the cashier resumed ringing up the Customers in front of me.

(10) After Fixing the cash register and while the cashier was ringing up the customers in front of me Wright Walked to the back of the line where I was and addressed me as sir and informed me that he didn't like the song I was singing and that I need to stop singing the song.

8 OF 23 pp

(11) I responded to Wright telling him my name is not sir sir is a faggot and I continued to sing the antigay song while waiting my turn to pay for my stuff. Wright just stood there watching me.

(12) When my turn came to have my Ice wring up the cashier picked up the Ice to ring it up and as I took my money out of my pocket to pay Wright walked up to the cashier and shut off the cash register light and told the cashier not to ring up my Ice until I stop singing.

(13) He then walked from by the cash register into the hall way and stood there watching me and calling me names while I continue to sing at the cash register.

(14) He then said to me keep singing the police is on their way. I continued to sing.

(15) Shortly after I observed the police car pull up outside Walmart. As the deputy walk into the door I stopped singing.

(16) The manager then signalled for the police's attention and the police, Alain Dubreuil, who I was familiar with walked down the hall way to the manager Wright.

(17) As he made contact with Wright I heard

Wright lie to Deputy Dubreuil telling him that I had been previously trespassed from Walmart and that I was now back in Walmart and that he wanted me arrested.

(18) I immediately stated to Deputy Dubreuil "Thats a lie you can check BSU Records Ive never been trespassed from here. I've been shopping here for the last five years with out problems. Look I even bought stuff earlier and I raised my hands in the air showing Dubreuil my two bags of groceries. and I stated to him that no one had ordered me to leave Walmart.

(19) Deputy Dubreuil issued me and stated to me You are under arrest for trespassing turn around and allow me to hand cuff you. I complied with the order and Dubreuil hand cuffed me.

(20) As Deputy Dubreuil began to escort me out of Walmart I began to sing the antsage sing and would sing it all the way to BSO Station and to the Broward County main Jail.

(21) At no time prior to, or While in the Deputy Dubreuil's presence did Warren Wright ever order or ask me to leave Walmart and I never refused to leave Walmart.

(22) At no time prior to the Deputy Dubreuils

10 of 23 PP

arrival at Walmart did any Walmart customer
or patron ever complained to Wright or to
any cashier about my singing nor did they ever
stop shopping and left Walmart because of my
singing. In no way did my singing stop any cus
tomer from shopping or from setting their groceries
wrong up.

(23)   At no time while Deputy **Dubreuil** was
present did he ever ordered or ask me to leave
Walmart and at no time did I ever refuse any
order to leave Walmart.

(24)  Deputy Defendant **Dubreuil** did not witness a
misdemeanor trespass after warn which is required
by F.S. 901.15 — when arrest by officer without
warrant is lawfull - (1)(d) in order for the officer
to make a misdemeanor arrest.

(25) According to the Court in _Smith v State_, 778
So. 2d 329 (2000) "A Law enforcement officer
may not make a warrantless arrest for a misd
emeanor such as this trespass, unless every elem-
ent of the crime is committed in his presence.
Citing § 901.15 (1), Fla. Stat. 1597; Cater v State,
516 So. 2d 312 (Fla. 3d DCA 1987)

(26)  Defendant Warren Wright provided Deputy
Alain Dubreuil with false information when he
told him that I had been previously trespassed
from Walmart because I had never been previously

11 OF 23 PP

trespassed from Walmart prior to, in or subsequent September 21, 2015.

(27) My inquiry with the BSO records department subsequent to the arrest reveal that there is no record of a trespass warning against me from any Walmart, including the one in this complaint, prior to September 21, 2015.

(28) On two occasions prior to September 21, 2015 Deputy Alain Dubreuil would see me on the street and threaten to find a reason to lock me up if he and his fellow deputies continues to get calls about me singing the antigay song

(29) No customer in Walmart ever stopped shopping to watch anything nor did they exit the store in any fear.

(30) My singing in Walmart was not directed at any individual. I was just singing while shopping as done so many time prior to September 21, 2015 without problems. The song was not fighting words or words that would tend to incite immediate breach of the peace. There was no physical conduct that prohibited Walmart or its customers from shopping and paying for their groceries and plaintiffs singing did not incite others to act and

...one was incited into engaging in immediate breach of the peace.

(31)   According to the Supreme Court in Barry v State 934 So. 2d 656 (2006) " We now limit the application of section 877.03 so that it shall hereafter only apply either to words which by their very utterance — inflict injury or tend to incite an immediate breach of the peace, or to words, known to be false, reporting some physical hazard in circumstances where such a report creates a clear and present danger of bodily harm to others. We construe the statute so that no word except "fighting words" or words like shouts of fire in a crowded theatre fall within its proscription, in order to avoid the constitutional over breadth, and the danger that a citizen would be punished as a criminal for exercising his right of free speech." "With these two exceptions, section 877.03 should not be read to proscribe the use of language in any fashion whatsoever." Id at 657-658

(32)   According to Barry v State, supra, "considering the statute as limited by Saunders it is clear that speech alone will not generally support a conviction for disorderly conduct. For Example Miller v State 780 So. 2d 197 (Fla. 2d DCA 2001) the defendant's action involved only loud and aggressive speech directed at a police officer who had come to her residence. This Court reversed the conviction for disorderly conduct, noting that Miller's conduct

was entirely verbal until after the officer initiated the arrest. See also Macon V State 854 So. 2d 834, 837 n. 1 (Fla. 5th DCA 2003) ("Words alone generally will not support a conviction for disorderly conduct); Miller V State 667 So. 2d 325, 328 (Fla. 1st DCA 1995) (reversing conviction for disorderly conduct and noting that there must be evidence of some thing more than loud or profane language use and a belligerent attitude (to support a conviction for disorderly conduct)."

(33) According to Plaintiff, the officer DuBreuil and Warner Wright Plaintiff was only singing a song.

(34) Defendant DuBreuil purpose of Maliciously prosecuting this case against me in it initial stage was not for Judgment in the proceeding but to cause me mental distress, hardship, to take away my freedom and to punish me for singing the Lindsay song.

(35) On January 26, 2016 after the Jury was sworn in on both charges of trespass after warning and Disorderly conduct the prosecution decided that they could not in good faith move forward with the prosecution of the disorderly conduct case and the defense immediately move for a Judgment of acquittal on that charge and the court granted it. On the trespass charge the prosecution went ahead and prosecuted it

14 of 23 PP

against me and lost the False case Defendant Dubreuil initiated against me when he Falsified Probable cause.

36) Plaintiff was damaged in that he was incarcerated for One hundred and twenty Eighth day prior to Judgment of acquittal on the disorderly Conduct Charge and the acquittal by Jury on the trespass charge.

37) During the 128 days of incarceration plaintiff suffer Mental distress of Constant worry, Fear, and axiety which would cause Plaintiff not to be able to sleep or eat at many times. I would suffer from depression which would cause me to stay in bed and cell most of the day.

38) Defendant Walmart Stores Inc. was the employer of Warren Wright. Walmart Stores Inc. gave Warren Wright Authorization to carry out acts related to the security and probly operation of Walmart on Walmarts behalf. According to Warren Wrights testimony in the Criminal trial he had the Authority to trespass Warn any one from Walmart. Such was in the scope of his employment at Walmart as its manager. Hence under the legal theory of Vicarious liability Walmart is liable from its manager Wrights action as Plaintiff has alleged and claimed.

<u>Supporting Facts regarding Counts Five</u>

(39) Defendant Michael J. Satz and his Assistant State Attorney Taylor Megrath knew as early as September 30, 2015, up till January 26, 2016 that Deputy Dubreuils probable cause affidavit did not establish probable cause, nor arguable probable cause to arrest plaintiff for disorderly conduct in that the probable cause affidavit did not demonstrate that plaintiffs speech was fighting words, or words like shouts of fire but demonstrated that plaintiff was merely singing, which does not amount to a violation of disorderly conduct statutes. See para graphs 30-38 of this complaint.

(40) Because of the malicious prosecution of these defendants plaintiff ended up doing sixty-eighth days on the charge of disorderly conduct prior January 26, 2016 when the defendants decided not to prosecute the case. Hence I was made to do 68 day in jail for a crime I did not commit and was not prosecuted on at trial and that there existed no probable cause to arrest for.

(41) On Sept. 30, 2015 Michael J. Satz filed the charges of disorderly conduct F.S. 877.03, a misdemeanor carrying a maximum punishment of 60 days imprisonment, and trespass after warning F.S. 810.08(1),(2)(a) a misdemeanor in the second degree

16 OF 23 PP

carrying a maximum sentence of 60 days imprisonment.

(42) Plaintiff was also given a separate bond on each charge, supra.

(43) Plaintiff should've only been held in prison for the most 60 days on the trespass charge instead plaintiff was imprisoned for 128 day because of the disorderly charge.

## Supporting Facts Regarding Counts Six

(44) Michael J. Satz Charged Plaintiff with violating trespass Law F.S. 810.08(1), (2)(a) and disorderly Conduct Law F.S. 877.03. Both of these charges were misdemeanors carrying a maximum penalty of 60 days each totalling 120 days, pursuant to S. 775.082(4)(b) — "A person who has been convicted of a designated misdemeanor may be sentenced as as follows: — For a misdemeanor of the second degree, by a definite term of imprisonment not exceeding 60 days."

(45) On September 21, 2015 Deputy Alain Dubreuil Charged me with Trespassing - after warning - structure or Conveyance F.S. 810.08(1)(2)(a) and disturbing peace - Breach of the peace F.S. 877.03(2) in his probable cause affidavit. It was explicitly written into the probable cause affidavit Two misdemeanor charges.

46) In spite of the specific charge in the probable cause affidavit Broward County main Jail charged the trespass after warning second degree charge to trespassing occupied structure or conveyance first degree charge - FS. 810.08-2b which carries one year maximum sentence. This was done on 9/21/15 at 11:32:02 am and it went into their computers as such.

47) Hence because of that willfull error by the Jail supra, Plaintiff was no released from Broward County main Jail within 120 days from Sept. 21, 2015 or January 18, 2016. Instead Plaintiff was kept in Jail until January 26, 2016 when he was acquitted of all charges, 8 day beyond the maximum time he could be been incarcerated for on both charges.

48) Former Sheriff Scott Israel and BSO was also responsible for the incarceration and release of inmates within the Broward County main Jails or Jails. Hence they were responsible for the eighth day Plaintiff was wrongly and falsely imprisoned for.

49) Micheal J. Satz also had a responsibility to have the Broward County main Jail and sheriff Scott Israel and BSO release plaintiff on January 18, 2016 because he was the prosecuting attorney and knew plaintiff's charges only carried 60 days of imprisonment each.

50) I'm only charging Sheriff Gregory Tony as a

representative of BSO and the main Jail.

## Requested Relief

Wherefore, Plaintiff respectfully prays that this Court enters Judgment granting Plaintiff the following:

(1) That Warren Wright pays Plaintiff One million seven hundred thousand dollars ($1,700,000.00) for instigating the false arrest and imprisonment against me, as alleged in this complaint, and for the 128 day I was wrongfully imprisoned for and for the mental distress, anxiety fear and worry I suffered throughout those 128 day and for the many nights and day I couldn't eat nor sleep because of my constant worrying fear anxiety and depression.

(2) That Walmart also pay One Million seven hundred thousand dollars ($1,700,000.00) for being liable for Warren Wrights instigation of the false arrest and imprisonment of me and for the time I did in Jail and for all of the mental and physical issues I suffered while in Jail as stated above under subparagraph 1

(3) That Warren Wright pays plaintiff two million five hundred thousand dollars in punitive damages for his willfull and malicious intent to cause Plaintiff hardship and pain via providing false information about

Plaintiff and requesting he be arrested.

(54) That Walmart Stores Inc. also pay plaintiff 2.5 million dollars in punitive damages, as Mr. Wright employer and liable for his actions, stated under subparagraph. 53

(55) That Alain Dubreuil pay plaintiff Two million five hundred thousand dollars ($2.5 million dollars) for his violation of plaintiff Constitutional rights, the 128 days plaintiff spent in Jail and for the mental distress, anxiety, fear, worrying and the sleepless nights and days plaintiff had due to his mental distress and for the days plaintiff could not eat because of his constant worrying and depression while in Jail.

(56) That Alain Dubreuil pay plaintiff five million dollars in punitive damages for his willfull and malicious intentions to violate plaintiff constitutional rights, to cause him hardship, pain and suffering and mental distress.

(57) That Michael J. Satz and his assistant state Attorney pay plaintiff Three million five hundred dollars ($3,500,000.00) for their violation of plaintiff Constitutional rights as stated herein and for sixty-eighth days I was incarcerated for on the Charge of disorderly conduct and for the mental distress, anxiety fear and worries plaintiff suffered during those days and for the sleepless nights

Plaintiff could not sleep, and for the days Plaintiff could not eat all because of his worries.

(58) That Satz and Mcgrath pay plaintiff seven million five hundred thousand dollars ($7,500,000.00) in punitive damages because of their willfull, intentional and Malicious intention to violate my constitutional rights, as stated herein, and to cause him mental distress, Anxiety, Worries, Fear, hardships and pain. This is 7.5 million dollar each and individually to total fifteen million dollars ($15,000,000.00)

(59) That Broward Sheriff office, Broward county main Jail, sheriff scott Isreal and Sheriff Gregory Tony each pay plaintiff One million dollars ($1,000,000.00), for their willful violation of plaintiff's constitutional rights, for the Eighth days plaintiff was incarcerated beyond the Maximum time he could be incarcerated on the charges and for the mental distresses, Fears, worries and depression and for the days Plaintiff could not eat or sleep due to his Stresses and worries and Fears.

(60) That Broward Sheriff office, Broward county Main Jail, Sheriff scott isreal and Sheriff Gregory Tony each pay me Two million dollars in punitive damages because of their willfull and malicious intension to violate my constitutional

21 of 23 PP

rights and to cause me hardships and mental and physical pains as stated herein.

61) Plaintiff seeks a Jury trial in this case.

62) Plaintiff has not begun any other lawsuits in federal court dealing with the same facts involved in this case.

63) Any other relief this court or Jury may deem Just, proper and equitable.

Respectfully submitted this 10 day of September 2019.

Eric Watkins
7990 Hampton Blvd Apt 110
North Lauderdale Florida
33068

Verification

I Eric Watkins, the Plaintiff and undersigned declares under the penalty of perjury that I have read the foregoing complaint and hereby verify and declare that the matters alleged therein are true, except as to matters alleged as to belief and as to those, I believe them to be true. I Certify under the penalty of perjury that the foregoing is true and correct.

22 OF 23PP

Executed at Ft. Lauderdale Florida on
September 10 2019.

/Eric Watkins

23 of 23 pp